UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY           08-CV-3735(NRB)
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY           **ANSWER**
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS ANNUITY FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS APPRENTICESHIP,
JOURNEYMAN RETRAINING, EDUCATIONAL AND
INDUSTRY FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS CHARITY FUND, UNITED BROTHERHOOD
OF CARPENTERS AND JOINDER OF AMERICA FUND and
THE NEW YORK CITY AND VICINITY CARPENTERS
LABOR MANAGEMENT CORPORATION, by MICHAEL J.
FORDE, and PAUL O'BRIEN, as TRUSTEE, AND MICHAEL J.
FORDE AS EXECUTIVE SECRETARY-TREASURER,
DISTRICT COUNCIL FOR NEW YORK CITY AND VICINITY,
UNITED BROTHERHOOD OF CARPENTERS AND JOINDERS
OF AMERICA,

        Plaintiffs,

 -against-

S&G FLOORING, INC.,

        Defendant.
------------------------------------------------------------------------X

 Defendant, S&G FLOORING, INC., by and through their attorneys, MILMAN LABUDA LAW GROUP PLLC, responds to allegations in the Complaint as follows:

 1. Defendant admits Plaintiffs bring this action to confirm and enforce an arbitration award as alleged in Paragraph 1 of the Complaint but denies that confirmation and enforcement are appropriate.

 2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

1

3. Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant denies possessing sufficient knowledge or information to form a belief concerning the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies possessing sufficient knowledge or information to form a belief concerning the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the allegation contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

16. Plaintiff fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17. All or part of the Complaint is time-barred pursuant to the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

18. The arbitration awards are not enforceable because no valid agreement exists between the parties.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

19. Plaintiff is barred from commencing this action based on the doctrines of laches and equitable estoppel.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

20. The arbitration awards are not enforceable because the Defendant did not receive proper notice of the Union grievances and arbitration hearing and was therefore denied due process.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

21. The arbitration award is not enforceable because the arbitrator exceeded the scope of his authority.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

22. The Court lacks personal jurisdiction over the Defendant due to insufficiency of service.

WHEREFORE, Defendant demands judgment dismissing the Complaint, with prejudice, and warding Defendant's attorneys' fees, costs and disbursements of this action, and such other and further relief this Honorable Court deems just, equitable and proper.

Dated: Lake Success, New York
      May 27, 2008

                        MILMAN LABUDA LAW GROUP PLLC

                        By:   /s/
                        Joseph M. Labuda
                        Attorneys for Defendant
                        3000 Marcus Avenue, Suite 3W3
                        Lake Success, NY 11042
                        (516) 328-8899